IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COURTNEY LAURIE, surviving spouse and heir-at-law of JOHN "JACK" LAURIE, III, deceased, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No.: 05-107-MLB |
| FORD MOTOR COMPANY,<br>**Serve Registered Agent:**<br>The Corporation Company, Inc.<br>515 South Kansas Avenue<br>Topeka, KS 66603 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## **COMPLAINT**

COMES NOW plaintiff Courtney Laurie, surviving spouse and heir-at-law of John "Jack" Laurie, III, and for her cause of action against defendant Ford Motor Company ("Ford"), alleges and states as follows:

1. Plaintiff Courtney Laurie is the surviving spouse and heir-at-law of John "Jack" Laurie, III, deceased, and brings this wrongful death action individually and on behalf of the heirs-at-law of Jack Laurie.

2. Plaintiff Courtney Laurie is a citizen and resident of Atchison County, Kansas.

3. Defendant Ford is a Delaware corporation with its principal place of business in Michigan. Defendant Ford is registered to do business in the state of Kansas. Defendant Ford's registered agent for service of process is The Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603. Defendant Ford is and was at all times material and relevant herein doing business in the state of Kansas.

4. The United States District Court for the District of Kansas has original jurisdiction in this action pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over defendant Ford, as this action arises from defendant Ford's transaction of business within this state, and further, defendant Ford is registered to do business in this state and has a registered agent for service of process in this state. Moreover, defendant Ford has substantial, systematic and continuous contact with this state such that the exercise of general personal jurisdiction over defendant Ford is just and appropriate.

6. Venue is proper in the United States District Court for the District of Kansas, Wichita, Kansas pursuant to 28 U.S.C. § 1391(a)(1),(3) and (c), as defendant Ford is subject to personal jurisdiction in this judicial district.

7. On October 14, 2004, Jack Laurie was driving a 2004 F250 pickup, vehicle identification number 1FTNW21S64EA81921, northbound on I-29 between Oregon and Mound City in Holt County, Missouri. Jack Laurie was utilizing his available three-point restraint system which was properly adjusted and fastened and was driving the F250 pickup at a safe, reasonable rate of speed.

8. At that time and place, the F250 pickup drifted to the left (west) and slightly into the median dividing the north and southbound lanes of I-29. Using reasonable care and caution, Jack Laurie steered the F250 pickup back to the right (east) and onto the northbound lanes of I-29.

9. As it returned to the northbound lanes of I-29, the F250 pickup became unstable and uncontrollable. As a result, Jack Laurie lost control of the F250 pickup and it rolled over into the ditch on the east side of I-29.

10. During the rollover crash sequence, the roof and roof support structure of the F250 pickup crushed excessively and unreasonably into the occupant protection space of Jack Laurie, causing severe traumatic injuries that resulted in his death.

11. Defendant Ford designed, tested, manufactured, distributed, marketed, advertised and sold the F250 pickup.

12. Among other things, defendant Ford failed to equip the F250 pickup with available technically and economically feasible vehicle stability systems such as electronic stability control (ESC), interactive vehicle dynamics (IVD), roll stability control (RSC) or similar stability or rollover prevention technology that would have prevented the loss of stability and control and the resulting rollover crash of the F250 pickup. Furthermore, defendant Ford failed to design and manufacture the F250 pickup to be reasonably crashworthy, including but not limited to the failure to equip the F250 pickup with a roof and roof support structure of sufficient strength and structural integrity to provide a reasonable degree of occupant safety, support and protection during foreseeable rollover crash modes.

13. The injuries and death of Jack Laurie and the resulting damages sustained by plaintiff and the heirs-at-law of Jack Laurie were directly and proximately caused by the negligence and carelessness of defendant Ford in the design, testing, manufacturing, distributing, marketing, advertising and selling of the F250 pickup and other pickups utilizing the same or similar design and components.

14. The F250 pickup and other pickups utilizing the same or similar design and components are unreasonably dangerous and defective in design, testing, warning and manufacture, thus rendering defendant Ford strictly liable for the injuries and death of Jack Laurie and the resultant damages sustained by plaintiff and the heirs-at-law of Jack Laurie.

15.    Defendant Ford misrepresented material facts concerning the safety of the F250 pickup and other pickups utilizing the same or similar design and components, thus rendering defendant Ford strictly liable for the injuries and death of Jack Laurie and the resultant damages sustained by plaintiff and the heirs-at-law of Jack Laurie.

16.    Defendant Ford impliedly and expressly warranted that the F250 pickup and other pickups utilizing the same or similar design and components were of merchantable quality and reasonably safe and suited for the purposes and uses for which the pickups were represented and sold.  Defendant Ford breached these implied and express warranties, which said breach caused or contributed to cause the injuries and death of Jack Laurie and the resultant damages sustained by plaintiff and the heirs-at-law of Jack Laurie.

17.    Prior to his death on October 14, 2004, Jack Laurie was a healthy, able-bodied husband and father and as a result of his death, plaintiff and the heirs-at-law of Jack Laurie have sustained and will continue in the future to sustain pecuniary and non-pecuniary damages.

18.    Prior to the design, manufacture and sale of the F250 pickup and other pickups utilizing the same or similar design and components, defendant Ford knew the pickup was unsafe and unreasonably dangerous, and further, defendant Ford knew of other deaths and injuries resulting from the failure of the F250 pickup and other pickups utilizing the same or similar design and components to provide a reasonable degree of stability and control under reasonably foreseeable driving conditions and to provide a reasonable degree of crashworthiness, safety and occupant protection during foreseeable rollover crash modes.  Defendant Ford's conduct prior, during and subsequent to its design, testing, manufacturing, distributing, marketing, advertising and selling of the F250 pickup and other pickups utilizing the same or similar design and components was gross, wanton, willful, malicious and reckless, evidencing a complete, total and

4

conscious disregard and indifference for the safety of Jack Laurie and all other persons similarly situated.

19. As a result of the above and foregoing, plaintiff and the heirs-at-law of Jack Laurie have been injured and damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages and further are entitled to recover punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE plaintiff Courtney Laurie, as the surviving spouse and heir-at-law of Jack Laurie, deceased, prays for judgment against defendant Ford for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages; for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in punitive damages; for any and all other damages and remedies provided by law; for the costs of this action; and for any and all further relief that the Court may deem just and appropriate.

**SHAMBERG, JOHNSON & BERGMAN, CHTD.**

By   s/Scott E. Nutter
  Lynn R. Johnson - #07041
  Scott E. Nutter - #20012
  2600 Grand Boulevard, Suite 550
  Kansas City, MO  64108
  (816) 474-0004, (816) 474-0003 FAX
  ljohnson@sjblaw.com
  snutter@sjblaw.com

  and

**STRAUSBAUGH & TONGIER, L.L.C.**
  John D. Tongier - #11224
  14 Corporate Woods, Suite 400
  8717 West 110th Street
  Overland Park, KS  66210
  (913) 451-8383, (913) 451-8530 FAX
  jtongier@sbcglobal.net

  ATTORNEYS FOR PLAINTIFF

**DEMAND FOR JURY TRIAL AND**
**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby demands a trial by jury of the above-captioned matter and designates the place of trial as Wichita, Kansas.

        **SHAMBERG, JOHNSON & BERGMAN, CHTD.**

        By s/Scott E. Nutter
           Lynn R. Johnson - #07041
           Scott E. Nutter - #20012
           2600 Grand Boulevard, Suite 550
           Kansas City, MO  64108
           (816) 474-0004, (816) 474-0003 FAX
           ljohnson@sjblaw.com
           snutter@sjblaw.com

        and

        **STRAUSBAUGH & TONGIER, L.L.C.**
           John D. Tongier - #11224
           14 Corporate Woods, Suite 400
           8717 West 110th Street
           Overland Park, KS  66210
           (913) 451-8383, (913) 451-8530 FAX
           jtongier@sbcglobal.net

        ATTORNEYS FOR PLAINTIFF